UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

GLUE WILKINS,                    :
                                 :
       Plaintiff                 :
                                 :
   v.                            :  CIVIL NO. 4:CV-05-901
                                 :
DAUPHIN COUNTY, ET AL.,          :
                                 :  (Judge McClure)
       Defendants                :

### MEMORANDUM AND ORDER

May 9, 2005

### Background

This pro se civil rights action pursuant to 42 U.S.C. § 1983 was initiated by Glue Wilkins, an inmate presently confined at the State Correctional Institution, Somerset, Pennsylvania (SCI-Somerset). Plaintiff has also submitted an application requesting leave to proceed in forma pauperis. For the reasons set forth below, Wilkins' complaint will be dismissed, without prejudice, as legally frivolous under 28 U.S.C. § 1915.

Named as Defendants are Dauphin County, Pennsylvania; the Dauphin County Public Defender's Office; Public Defender Monte J. Batson, Esquire; and

Dauphin County District Attorney Edward M. Marsico, Jr. Wilkins states he was found guilty of attempted homicide and related charges on September 11, 2003 following a trial in the Dauphin County Court of Common Pleas. Wilkins notes that on February 23, 2005, he was granted leave to pursue a <u>nunc pro tunc</u> appeal in Pennsylvania state court.

Plaintiff states that he was represented by Attorney Batson of the Public Defender's Office during his state criminal proceedings. He alleges that Attorney Batson provided him with ineffective assistance at trial and thereafter failed to properly undertake an appeal. Specifically, his complaint contends that defense counsel neglected to investigate and call witnesses regarding a medical report which conflicted with the version of the underlying events outlined in the police report. Wilkins additionally indicates that his conviction was the result of a conspiracy to withhold evidence by Batson, Deputy District Attorney Adam Gordon Klein and the trial court judge. Plaintiff's remaining assertion is a claim that Dauphin County, as an agent of the Commonwealth of Pennsylvania, failed to satisfy its obligation of providing indigent criminal defendant with effective legal counsel. His complaint seeks compensatory and punitive damages as well as declaratory and injunctive relief.

**Discussion**

28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed in forma pauperis. § 1915(e)(2) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

Consequently, federal courts reviewing civil rights complaints filed by persons wishing to proceed in forma pauperis may determine that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989).[1]  In Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995), the Third Circuit added that "the plain meaning of 'frivolous' authorizes the dismissal of in forma pauperis claims that . . . are of little or no weight, value, or importance, not

---

[1] Indisputably meritless legal theories are those "in which it is either readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)).

worthy of serious consideration, or trivial." "The frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. Denton v. Hernandez, 504 U.S. 25, 33 (1992).

A § 1983 action may not be employed to challenge the fact or duration of their confinement or to seek earlier or speedier release. Preiser v. Rodriguez, 411 U.S. 475 (1975). All of the Plaintiff's present allegations are unquestionably attacking the legality of his Pennsylvania state criminal conviction. Pursuant to the standards announced in Preiser, Wilkins' present complaint to the extent that it seeks to overturn his Dauphin County conviction is not properly asserted under § 1983.

Second, it is well-settled that public defenders and court appointed counsel do not act under color of state law for purposes of § 1983 when performing a traditional lawyer's functions to a defendant in a criminal proceeding. Polk County v. Dodson, 454 U.S. 312, 318 n. 7 (1981); Black v. Bayer, 672 F.2d 309, 320 (3d Cir.), cert. denied, 459 U.S. 916 (1982). Rankine v. Server, 2001 WL 322517 (E.D. Pa. Feb. 13, 2001)(defense counsel does act under color of state law); Figueroa v. Clark, 1992 WL 122872 (E.D. Pa. June 1, 1992)(a court appointed

attorney represents only his client and not the state).

The allegations against the Dauphin County Public Defenders' Office and Attorney Batson are primarily premised on actions taken during the course of the Plaintiff's criminal defense. Thus, under the standards announced in Polk and Black, those Defendants were not acting under color of state law for purposes of § 1983 with respect to any claims regarding the performance of defense counsel at trial or during the course of the direct appeal.

Third, with respect to the claims against Deputy District Attorney Klein, a state prosecuting attorney is absolutely immune from liability for damages under § 1983 for acts such as the initiation of the prosecution and presentation of the state's case which are intimately associated with the judicial phase of the criminal process. Imbler v. Pachtman, 424 U.S. 409, 420 (1976); Urrutia v. Harrisburg County Police Dep't, 91 F.3d 451, 462 (3d Cir. 1996). Only qualified immunity is available to prosecutors with regard to allegations based on their administrative and/or investigative duties. See Hawk v. Brosha, 590 F. Supp. 337, 344 (E.D. Pa. 1984). Wilkins' allegations regarding Deputy District Attorney Klein appear to be "intimately associated with the judicial phase of the criminal process" and are therefore subject to dismissal. Imbler, 424 U.S. at 430.

Fourth, in order to set forth a cognizable conspiracy claim, a plaintiff cannot rely on broad or conclusory allegations. D.R. by L.R. v. Middle Bucks Area

Vocational Technical Sch., 972 F.2d 1364, 1377 (3d Cir. 1992); Rose v. Bartle, 871 F.2d 331, 366 (3d Cir. 1989); Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir. 1989). The Third Circuit Court of Appeals has further noted that "[a] conspiracy claim must . . . contain supportive factual allegations." Rose, 871 F.2d at 366. Moreover, "[t]o plead conspiracy adequately, a plaintiff must set forth allegations that address the period of the conspiracy, the object of the conspiracy, and the certain actions of the alleged conspirators taken to achieve that purpose." Shearin v. E.F. Hutton Group, Inc., 885 F.2d 1162, 1166 (3d Cir. 1989).

The essence of a conspiracy is an agreement or concerted action between individuals. See D.R. by L.R., 972 F.2d at 1377; Durre, 869 F.2d at 545. Consequently, a plaintiff must allege with particularity and present material facts which show that the purported conspirators reached some understanding or agreement or plotted, planned and conspired together to deprive plaintiff of a protected federal right. Id.; Rose, 871 F.2d at 366; Young, 926 F.2d at 1405 n.16; Chicarelli v. Plymouth Garden Apartments, 551 F. Supp. 532, 539 (E.D. Pa. 1982). Where a civil rights conspiracy is alleged, there must be some specific facts in the complaint which tend to show a meeting of the minds and some type of concerted activity. Deck v. Leftridge, 771 F.2d 1168, 1170 (8th Cir. 1985). A plaintiff cannot rely on subjective suspicions and unsupported speculation. Young v. Kann, 926 F.2d 1396, 1405 n.16 (3d Cir. 1991).

Viewing the complaint in the light most favorable to Plaintiff, it is clear that he has failed to state a viable conspiracy claim against Defendants. There are no averments of fact in the complaint that could reasonably suggest the presence of an agreement or concerted activity between the trial court judge, the prosecuting attorney and defense counsel to violate Plaintiff's civil rights.

Also named as a Defendant is Dauphin County. A municipal body or other local governmental unit, not part of a state for Eleventh Amendment purposes, is a "person" subject to suit under 42 U.S.C. § 1983. Monell v. Department of Social Servs., 436 U.S. 658, 690-91 (1978):

> ... Congress did intend municipalities and other local
> government units to be included among those persons to
> whom § 1983 applies. Local governing bodies, therefore,
> can be sued directly under § 1983 for monetary,
> declaratory, or injunctive relief where, ..., the action that
> is alleged to be unconstitutional implements or executes a
> policy, statement, ordinance, regulation, or decision
> officially adopted and promulgated by that body's
> officers. Moreover, although the touchstone of the §
> 1983 action against a government body is an allegation
> that official policy is responsible for a deprivation of
> rights protected by the Constitution, local governments,
> like every other § 1983 'person,' by the very terms of the
> statute, may be sued for constitutional deprivations
> visited pursuant to governmental 'custom' even though
> such a custom has not received formal approval through
> the body's official decisionmaking channels.

(Internal Citations and Footnotes Omitted); see also Board of County Comm'rs of Bryan County, OK v. Brown, ___ U.S. ___, 117 S. Ct. 1382, 1388-89 (1997);

Roman v. Jeffes, 904 F.2d 192, 196-97 (3d Cir. 1990); Illiano v. Clay Township, 892 F. Supp. 117, 121 (E.D. Pa. 1995). However, it has also been repeatedly held that a municipality may not be subjected to § 1983 liability on a theory of respondeat superior. Bryan County, 117 S. Ct. at 1388; City of Canton v. Harris, 489 U.S. 378, 392 (1989); City of St. Louis v. Praprotnik, 485 U.S. 112, 121-22 (1988); Pembaur v. Cincinnati, 475 U.S. 469, 478-79 (1986); Oklahoma City v. Tuttle, 471 U.S. 808, 818 (1985); Monell, 436 U.S. at 691; Beck v. City of Pittsburgh, 89 F.3d 966, 971 (3d Cir. 1996); Andrews v. City of Philadelphia, 895 F.2d 1469, 1480 (3d Cir. 1990). Rather, "... a plaintiff seeking to impose liability on a municipality under § 1983 [is required] to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." Bryan County, 117 S. Ct. at 1388; Beck, 89 F.3d at 971. In Bryan County, the United States Supreme Court elaborated on the showing required for municipal liability under § 1983, stating:

> ... [I]t is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.

Id. at 1388; see Kneipp v. Tedder, 95 F.3d 1199, 1213 (3d Cir. 1996).

The United States Court of Appeals for the Third Circuit has held that a

municipality can be held liable under § 1983 "only when 'execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.'" Andrews, 895 F.2d at 1480 (citing Monell, 436 U.S. at 694). For purposes of imposing § 1983 liability, the Third Circuit added in Andrews, there are two ways in which a governmental policy or custom is established:

> Policy is made when a 'decisionmaker possess[ing] final authority to establish municipal policy with respect to the action' issues an official proclamation, policy, or edict. Pembaur v. City of Cincinnati, 475 U.S. 469, 481, 106 S. Ct. 1292, 1299, 89 L. Ed. 2d 452 (1986). A course of conduct is considered to be a 'custom' when, though not authorized by law, 'such practices of state officials [are] so permanent and well settled' as to virtually constitute law. Monell, 436 U.S. at 690, 98 S. Ct. at 2035 (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 167-68, 90 S. Ct. 1598, 1613-14, 26 L. Ed. 2d 142 (1970)). Accord Anela v. City of Wildwood, 790 F.2d 1063, 1067 (3d Cir. 1986), cert. denied, 479 U.S. 949, 107 S. Ct. 434, 93 L. Ed. 2d 384.

Id.; see also Beck, 89 F.3d at 971; Fletcher v. O'Donnell, 867 F.2d 791, 793-94 (3d Cir. 1989) ("[c]ustom may be established by proof of knowledge and acquiescence.").

In the present case, there are simply no facts alleged which could establish that the purported violation of Wilkins' constitutional rights resulted from the implementation of any municipal policy or custom. Consequently, based on the standards set forth above, Defendant Dauphin County is likewise entitled to an entry

9

of dismissal.

With respect to Plaintiff's request for compensatory damages, in Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the Plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87. Thus, Wilkins' request for compensatory damages is premature under Heck because he cannot maintain a cause of action for monetary damages until his underlying state criminal conviction is rendered invalid. If Plaintiff is able to successfully challenge his Dauphin County conviction, he may than reassert his claim for damages in a properly filed civil rights complaint.

Furthermore, as previously noted the United States Court of Appeals for the Third Circuit has recognized that civil rights claims seeking release from confinement sounded in habeas corpus. See Georgevich v. Strauss, 772 F.2d 1078, 1086 (3d Cir. 1985). In Edwards v. Balisok, 520 U.S. 641, 646 (1997), the United States Supreme Court concluded that a civil rights claim for declaratory relief "based on allegations ... that necessarily imply the invalidity of the punishment

10

imposed, is not cognizable" in a civil rights action. Id. at 646. Pursuant to Georgevich and Edwards, Plaintiff's present requests for injunctive and declaratory relief are not properly raised in a civil rights complaint.

In conclusion, since the Plaintiff's complaint is "based on an indisputably meritless legal theory" it will be dismissed, without prejudice, as legally frivolous. Wilson, 878 F.2d at 774. Consequently,

**IT IS HEREBY ORDERED THAT:**

1. Plaintiff's complaint is dismissed without prejudice as frivolous pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i).

2. The Clerk of Court is directed to close the case.[2]

3. Any appeal from this Order will be deemed frivolous, without probable cause and not taken in good faith.

s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge

---

[2] The dismissal of this action does not relieve Plaintiff of the obligation to pay the full filing fee. Until the filing fee is paid in full, the Administrative Order previously issued in this case is binding on the Warden of SCI-Somerset, as well as the superintendent of any correctional facility to which Plaintiff is transferred.